UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| POTTER COUNTY REPUBLICAN PARTY, and DANIEL ROGERS,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTY BENGE, in her official capacity as the POTTER COUNTY ELECTIONS ADMINISTRATOR,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 2:26-cv-00215-Z<br><br>Hon. Matthew J. Kacsmaryk |

**DSCC AND DCCC's [PROPOSED] ANSWER TO CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

DSCC and DCCC ("Proposed Intervenor-Defendants"), by and through their attorneys, for their Proposed Answer to Plaintiffs' Complaint, deny each and every allegation of the Complaint not specifically admitted herein, and further answer as follows:

The Complaint begins with one unnumbered paragraph that constitutes introductory material to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants incorporate by reference the below paragraphs as their response, deny the allegations, and deny that Plaintiffs are entitled to any of the relief requested in this action.

## I. NATURE OF THE ACTION[1]

1. Paragraph 1 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny the allegations of Paragraph 1.

2. Paragraph 2 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny that President Trump has prioritized election security. Proposed Intervenor-Defendants lack sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 2 and therefore deny them.

3. Proposed Intervenor-Defendants admit that the cited report contains the quoted text. The report otherwise speaks for itself.

4. Proposed Intervenor-Defendants admit that the cited report contains the quoted text in the first sentence of Paragraph 4. The remainder of Paragraph 4 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny those remaining allegations of Paragraph 4.

5. Paragraph 5 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny the allegations of Paragraph 5.

[1] These headings are included because they appear in Plaintiffs' Complaint and are duplicated to aid and assist in ease of comparison between Plaintiffs' Complaint and Proposed Intervenor-Defendants' Proposed Answer. They are not factual assertions in and of themselves and accordingly do not require a response. Their reproduction in this Answer should not be understood otherwise, nor should they be understood to make any admission on behalf of Proposed Intervenor-Defendants.

6. Proposed Intervenor-Defendants lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 6 and therefore deny them.

7. Paragraph 7 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny the allegations of Paragraph 7.

8. Paragraph 8 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny the allegations of Paragraph 8. Proposed Intervenor-Defendants further deny that Plaintiffs are entitled to any of the relief requested in Paragraph 8.

9. Proposed Intervenor-Defendants lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 9 and therefore deny them.

10. Paragraph 10 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny the allegations of Paragraph 10.

11. Proposed Intervenor-Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 11 about "recent reports." The remainder of Paragraph 11 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny the allegations of Paragraph 11.

12. Proposed Intervenor-Defendants deny that Plaintiffs are entitled to any of the relief that they request in Paragraph 12.

## II. PARTIES

13. Proposed Intervenor-Defendants lack sufficient information to form a belief about the truth or falsity of the allegations regarding activities, interests, and expended resources of Plaintiff Potter County Republican Party ("PCRP") and of its membership, and therefore deny them. The remainder of Paragraph 13 contains legal contentions characterizations, conclusions, and opinions regarding Plaintiffs' alleged injuries, the Defendants' actions, and the relief allegedly required to ameliorate Plaintiffs' alleged injuries to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny those remaining allegations of Paragraph 13. Proposed Intervenor-Defendants further deny that Plaintiffs are entitled to any of the relief requested in Paragraph 13.

14. Proposed Intervenor-Defendants admit that Plaintiff Daniel Rogers is a member and Chairman of Plaintiff PCRP. Proposed Intervenor-Defendants lack sufficient information to form a belief about the truth or falsity of the remaining factual allegations in Paragraph 14 regarding Plaintiff Daniel Rogers's voter registration, prior and future voting practices and intentions, how any future ballot cast by Plaintiff Rogers would be tabulated, and any time and/or resources Plaintiff Rogers has expended on any activity, and therefore deny those allegations. The remainder of Paragraph 14 contains legal contentions characterizations, conclusions, and opinions regarding Plaintiffs' alleged injuries, the Defendants' actions, and the relief allegedly required to ameliorate Plaintiffs' alleged injuries to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny those remaining allegations of Paragraph 14. Proposed Intervenor-Defendants further deny that Plaintiffs are entitled to any of the relief requested in Paragraph 14.

15. Proposed Intervenor-Defendants admit that Defendant Christy Benge is the Elections Administrator for Potter County, TX, that she is sued only in her official capacity as Elections Administrator for Potter County, and that Plaintiffs are not seeking damages against her. The remainder of Paragraph 15 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny those remaining allegations of Paragraph 15.

16. Proposed Intervenor-Defendants admit that Plaintiffs are seeking the certification of a defendant class under the Federal Rules of Civil Procedure and that they seek to have Defendant Benge as the named class representative for that class. However, Proposed Intervenor-Defendants deny that Plaintiffs are entitled to any legal order that grants those requests.

## III. JURISDICTION AND VENUE

17. Paragraph 17 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants admit that Plaintiffs purport to assert violations of federal law but deny that the Court has jurisdiction because Plaintiffs lack standing.

18. Paragraph 18 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants admit that the cited statutes speak for themselves.

19. Paragraph 19 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny those remaining allegations of Paragraph 19.

## IV. FACTUAL BACKGROUND

20. Paragraph 20 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants admit that the cited statutes speak for themselves.

21. The first two sentences of Paragraph 21 contain legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants admit that the cited statute speaks for itself. Proposed Intervenor-Defendants deny the allegations in the third sentence of Paragraph 21.

22. Paragraph 22 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants admit that Paragraph 22 quotes statements of Texas's Director of Elections, a position that is organized within the Texas Secretary of State's Office. Proposed Intervenor-Defendants otherwise deny the allegations in Paragraph 22.

23. Paragraph 23 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny the allegations of Paragraph 23.

24. Proposed Intervenor-Defendants admit that Paragraph 24 correctly quotes the report referenced in Paragraph 24. The report otherwise speaks for itself.

25. Proposed Intervenor-Defendants admit that Paragraph 25 correctly quotes the report referenced in Paragraph 25. The report otherwise speaks for itself.

26. Proposed Intervenor-Defendants admit that the federal government has classified elections systems used in federal elections as part of the national critical infrastructure. Proposed Intervenor-Defendants lack sufficient information to form a belief about the truth or falsity of

Plaintiffs' "information and belief" that "foreign routers are used in the Texas election system," and therefore deny that allegation in Paragraph 26.

27. Proposed Intervenor-Defendants admit that Secretary of Homeland Security Markwayne Mullin sent a letter to the White House Transparency Task Force on August 24, 2026, that contains the quoted text reprinted in Paragraph 27. The remainder of Paragraph 27 contains legal contentions, characterizations, conclusions, and opinions regarding the content of that letter to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny those allegations of Paragraph 27.

28. Proposed Intervenor-Defendants admit that Secretary of Homeland Security Markwayne Mullin sent a letter to the White House Transparency Task Force on August 24, 2026, that contains the quoted text reprinted in Paragraph 28. Proposed Intervenor-Defendants lack sufficient information to form a belief about the truth or falsity of Plaintiffs' allegations about the vendors that allegedly supply voting machines in Texas jurisdictions, the parts thereof, or whether the individuals in the proposed class operate those purported machines.

29. Proposed Intervenor-Defendants admit that, on September 2, 2026, Secretary of Homeland Security Markwayne Mullin sent a letter to United States Attorney General Todd Blanche and that the quoted text reprinted in Paragraph 29 is in that letter. The letter's statements regarding the Help Americans Vote Act represent mere legal contentions, characterizations, conclusions, and opinions to which no response is required and, to the extent one is required, Proposed Intervenor-Defendants deny the allegations. The remainder of Paragraph 29 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny those allegations of Paragraph 29.

30. Paragraph 30 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny the allegations of Paragraph 30.

31. Proposed Intervenor-Defendants lack sufficient knowledge to form a belief about the truth or falsity of the allegations in Paragraph 31 and therefore deny them.

32. Proposed Intervenor-Defendants admit that no "federal conditions" "establish with certainty that any particular Texas voting machine has miscounted votes in the past." Proposed Intervenor-Defendants also admit that Plaintiffs do not allege that any past Potter County election results have been altered or inaccurately reported. The remainder of Paragraph 32 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny the allegations of Paragraph 32.

33. Proposed Intervenor-Defendants deny the allegations of Paragraph 33.

34. Proposed Intervenor-Defendants deny the allegations of Paragraph 34.

35. Proposed Intervenor-Defendants admit the allegations of Paragraph 35.

## V. PLAINTIFFS' INJURY AND NEED FOR PROSPECTIVE RELIEF

36. Paragraph 36 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny the allegations of Paragraph 36.

37. Paragraph 37 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny the allegations of Paragraph 37. Proposed Intervenor-Defendants deny that Plaintiffs are entitled to any relief they purport to seek in Paragraph 37.

38. Paragraph 38 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny the allegations of Paragraph 38.

39. Paragraph 39 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny the allegations of Paragraph 39.

40. Paragraph 40 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny the allegations of Paragraph 40.

## VI. ALLEGATIONS OF THE DEFENDANT CLASS

41. Paragraph 41 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny the allegations of Paragraph 41.

42. Paragraph 42 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants admit that the cited statutes speak for themselves.

43. Paragraph 43 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny the allegations of Paragraph 43.

44. Paragraph 44 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny the allegations of Paragraph 44.

45. Paragraph 45 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny the allegations of Paragraph 45.

46. Paragraph 46 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny the allegations of Paragraph 46.

47. Paragraph 47 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny the allegations of Paragraph 47.

48. Paragraph 48 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants admit that Plaintiffs accurately describe their requested relief but deny that they are entitled to any of their requested relief.

49. Paragraph 49 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny the allegations of Paragraph 49.

50. Paragraph 50 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny the allegations of Paragraph 50. Proposed Intervenor-Defendants also deny that Plaintiffs are entitled to any relief requested in Paragraph 50.

## VII. CAUSES OF ACTION

### COUNT I
### 42 U.S.C. § 1983
### Fourteenth Amendment Due Process/Equal Protection

51. Paragraph 51 incorporates by reference all paragraphs of the Complaint. Proposed Intervenor-Defendants therefore incorporate by reference their responses to all paragraphs.

52. Paragraph 52 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny the allegations of Paragraph 52.

53. Paragraph 53 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny the allegations of Paragraph 53.

54. Paragraph 54 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny the allegations of Paragraph 54.

55. Paragraph 55 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny the allegations of Paragraph 55.

56. Paragraph 56 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, admit that Plaintiffs accurately describe their requested relief but deny that they are entitled to any of their requested relief.

**COUNT II**
**Declaratory Judgment**
**28 U.S.C. §§ 2201–2202**

57. Paragraph 57 incorporates by reference all paragraphs of the Complaint. Proposed Intervenor-Defendants therefore incorporate by reference their responses to all paragraphs.

58. Paragraph 58 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny the allegations of Paragraph 58.

59. Paragraph 59 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants admit that Plaintiffs accurately describe their requested relief but deny that they are entitled to any of their requested relief.

**IRREPARABLE HARM AND PUBLIC INTEREST**

60. Paragraph 60 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny the allegations of Paragraph 60.

61. Paragraph 61 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants admit that Plaintiffs accurately describe their requested relief but deny that they are entitled to any of their requested relief.

62. Paragraph 62 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny the allegations of Paragraph 62. Proposed Intervenor-Defendants also deny that Plaintiffs are entitled to any relief requested in Paragraph 62.

63. Paragraph 63 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants admit that the cited statute speaks for itself.

**RESPONSE TO PRAYER FOR RELIEF**

The remainder of the Complaint is Plaintiffs' requested relief, to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny that Plaintiffs are entitled to the requested relief or any other relief.

**GENERAL DENIAL**

Proposed Intervenor-Defendants deny every allegation in the Complaint that is not expressly admitted herein.

**AFFIRMATIVE DEFENSES**

A. Plaintiffs lack Article III standing.

B. Plaintiffs have failed to state a claim upon which relief can be granted.

C. Plaintiffs' claims are barred by laches.

D. Plaintiffs have failed to establish an entitlement to injunctive relief.

E. Plaintiffs have not satisfied the requirements of Federal Rule of Civil Procedure 23 to certify a class and thus cannot receive the class-wide relief they seek.

F. Plaintiffs cannot receive the relief they seek because that relief is time-barred by *Purcell v. Gonzalez*, 549 U.S. 1 (2007).

G. Plaintiff cannot receive the statewide relief they seek pursuant to *Bush v. Gore*, 531 U.S. 98 (2000).

H. Proposed Intervenor-Defendants reserve the right to amend this Answer at a later time and to move to dismiss some or all of Plaintiffs' claims.

**PROPOSED INTERVENOR-DEFENDANTS' REQUEST FOR RELIEF**

WHEREFORE, having fully answered Plaintiffs' Complaint, Proposed Intervenor-Defendants pray for judgment as follows:

A. That the Court dismiss Plaintiffs' Complaint with prejudice;

B. That judgment be entered in favor of Defendants and Proposed Intervenor-Defendants and against Plaintiffs on each of Plaintiffs' claims and that Plaintiffs take nothing thereby;

C. That Proposed Intervenor-Defendants be awarded reasonable attorneys' fees and costs under any applicable statute or equitable doctrine; and

D. For such other relief as the Court deems appropriate.

October 29, 2026

Respectfully submitted,

/s/ Thad Spalding
Thad Spalding
Texas Bar No. 00791708
Shelby J. White
Texas Bar No. 24084086
**Durham Pittard Spalding**
**Kaufman & Hollingsworth, LLP**
P.O. Box 224626
Dallas, Texas 75222
Telephone: (888) 998-6688
tspalding@dpskh.com
swhite@dpskh.com

Aria C. Branch*
D.C. Bar No. 1014541
Jacob D. Shelly*
D.C. Bar No. 90010127
James J. Pinchak*
D.C. Bar No. 90034756
Derek A. Zeigler*
D.C. Bar No. 90031274
**ELIAS LAW GROUP**
250 Massachusetts Ave NW, Suite 400
Washington, DC 20001

Telephone: (202) 948-1135
abranch@elias.law
jshelly@elias.law
jpinchak@elias.law
dzeigler@elias.law

**Pro hac vice* applications forthcoming

*Counsel for Proposed Intervenor-Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on **October 29, 2026**, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing ("ECF") system of the Court. All counsel of record were served via electronic service through the ECF system.

*/s/ Thad Spalding*
**Thad Spalding**