**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | |
|---|---|
| POTTER COUNTY REPUBLICAN PARTY, DANIEL ROGERS, individually, and on behalf of all others similarly effected Plaintiffs,<br><br>v.<br><br>CHRISTY BENGE, in her official capacity as the POTTER COUNTY ELECTIONS ADMINISTRATOR and as proposed representative of a defendant class of similarly situated Texas county election officials,<br><br>Defendants. | **Civil Action No. 2:26-cv-00215-Z** |

**PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR PRELIMINARY INJUNCTION**

To the Honorable Judge of Said Court:

Plaintiffs Potter County Republican Party and Daniel Rogers, individually and on behalf of all others similarly affected (together, "Plaintiffs"), move under Federal Rule of Civil Procedure 6(b)(1)(A) for a short extension of the deadline to file their motion for preliminary injunction, from today, Friday, November 6, 2026, to Thursday, November 12, 2026. Plaintiffs file this motion before the deadline expires. Three developments since the Complaint was filed ten days ago require the request: a death in the family of a key member of Plaintiffs' legal team, who is unavailable; the loss of a second attorney from that team; and two court-ordered responses to motions to intervene, due on consecutive days this week, that Plaintiffs filed on time.

## BACKGROUND

1. Plaintiffs filed this action on October 27, 2026. ECF No. 1. The Complaint seeks relief before county officials certify returns for federal office in the November 3, 2026 general election. ECF No. 1 ¶¶ 11–12, 37, 61. Under the Election Code, county canvassing authorities

convene no earlier than the eighth day after Election Day, Wednesday, November 11, 2026, and no later than the fourteenth, Tuesday, November 17, 2026. Tex. Elec. Code § 67.003(a), (c). Certified county returns go to the Secretary of State within twenty-four hours of the county canvass, *id.* § 67.007(d), and the state canvass occurs between November 21 and December 6, 2026, *id.* § 67.012(a)(2).

2. Plaintiffs' motion for preliminary injunction is due today, Friday, November 6, 2026. Since the Complaint was filed, six organizations have moved to intervene as defendants in two motions, and the Court has set two response deadlines on consecutive days. On October 29, 2026, the Democratic Senatorial Campaign Committee and the Democratic Congressional Campaign Committee (the "Committees") moved to intervene, filing sixty-two pages across five documents, including a seventeen-page brief, a fifteen-page proposed answer, and a twenty-six-page appendix of unpublished decisions. ECF Nos. 4, 4-1, 5, 5-1, 6. On October 30, citing "the time-sensitive nature of this case," the Court ordered any response from Plaintiffs filed before Wednesday, November 4, 2026, at 5:00 p.m. CST. ECF No. 20. On October 31, the NAACP Texas State Conference, the League of Women Voters of Texas, MOVE Texas Civic Fund, and Common Cause moved to intervene, filing a twenty-three-page brief and a thirty-page appendix. ECF Nos. 25, 26, 27. On November 2, the Court ordered any response filed before Thursday, November 5, 2026, at 5:00 p.m. CST. ECF No. 37.

3. Plaintiffs met both deadlines. On November 4, Plaintiffs filed their response to the Committees' motion, with a motion for leave to exceed the ten-page limit. On November 5, Plaintiffs filed its response to the second motion. Those were the two business days before this deadline.

## GROUNDS FOR THE EXTENSION

4. When a request is made before the deadline expires, the Court may extend the time for good cause. Fed. R. Civ. P. 6(b)(1)(A). A motion to extend time requires no brief. Local Rule 7.1(h). Good cause exists on three independent grounds.

### A. A Death in the Family Has Made a Key Member of Plaintiffs' Legal Team Unavailable

5. On Thursday, November 5, 2026, the mother-in-law of Charles Bundren, a key member of Plaintiffs' legal team, passed away. He is unavailable while he attends to his family through at least Monday, November 9, 2026. The motion, brief, and appendix cannot be completed today without him.

### B. Plaintiffs' Legal Team Lost an Attorney

6. Eric Dick, who had been on Plaintiffs' legal team, recently withdrew from the case. The remaining attorneys absorbed his work during the same week the intervention responses were due.

### C. The Intervention Briefing Consumed the Time Set Aside for the Preliminary-Injunction Motion

7. The two intervention motions arrived two days apart and total more than one hundred pages. The Court, citing the time-sensitive nature of the case, gave Plaintiffs five days to respond to the first and three days to respond to the second, with the deadlines falling on consecutive days. ECF Nos. 20, 37. Plaintiffs do not complain of those deadlines; the Court set them for the reasons Plaintiffs themselves have urged. But answering two Rule 24 motions on that schedule, with a reduced team, used the days in which the preliminary-injunction motion was to be completed. That motion must be accompanied by a brief and a certificate of conference, Local Rule 7.1(h), and by an appendix containing the declarations and documents on which it relies,

Local Rule 7.1(i). The motion, brief, and appendix are in progress and will be completed by the date requested.

**THE EXTENSION IS SHORT AND PREJUDICES NO ONE**

8. Plaintiffs ask for six days, two of them business days: from Friday, November 6, to Thursday, November 12, 2026. This deadline coincides with the reply deadlines the Court has already set for the proposed intervenors, November 9 and November 10, ECF Nos. 20, 37, so the Court will have the preliminary-injunction motion and the intervention briefing before it in the same week.

9. This is Plaintiffs' first request to extend any deadline in this case. Defendant has not yet answered or otherwise responded to the Complaint, and no response deadline or hearing on the preliminary-injunction motion has been set that the extension would displace.

**CONCLUSION AND PRAYER**

10. Plaintiffs ask the Court to extend the deadline for Plaintiffs to file their motion for preliminary injunction, brief in support, and appendix from Friday, November 6, 2026, to Thursday, November 12, 2026, and to grant Plaintiffs such other and further relief as the Court deems just and proper. A proposed order is submitted with this motion. Local Rule 7.1(c).

Dated: November 6, 2026.

Respectfully submitted,

*/s/ Jared R. Woodfill*

Jared R. Woodfill
State Bar No. 00788715
Adam M. Helleck
State Bar No. 24038953
WOODFILL LAW FIRM, PC
5850 San Felipe, 5th Floor
Houston, Texas 77057
Telephone: (832) 255-3751
Woodfillservice@gmail.com

*/s/ Daniel Bates*
Daniel Bates
State Bar No. 01899900
DECKER JONES, PC
801 Cherry Street, Suite 2000, Unit 46
Fort Worth, Texas 76102
Telephone: (817) 336-2400
dbates@deckerjones.com

ATTORNEYS FOR PLAINTIFFS
POTTER COUNTY REPUBLICAN PARTY
AND DANIEL ROGERS

**CERTIFICATE OF SERVICE**

I certify that on November 6, 2026, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Texas using the Court's electronic case filing system, which will serve all counsel of record.

*/s/ Jared R. Woodfill*
Jared R. Woodfill