IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

POTTER COUNTY REPUBLICAN PARTY, DANIEL ROGERS, and ALEXANDER HALE, individually and on behalf of all other similarly affected.

Plaintiffs,

v.

CHRISTY BENGE, in her official capacity as the POTTER COUNTY ELECTIONS ADMINISTRATOR and as proposed representative of a defendant class of similarly situated Texas county election officials,

Defendant.

Civil Action No. 2:26-cv-00215-Z

**DEFENDANT CHRISTY BENGE'S SECOND MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM**

Defendant Christy Benge, pursuant to FED. R. CIV. P. 12, moves to dismiss Plaintiffs' action as pleaded in their First Amended Class Action Complaint for Declaratory and Injunctive Relief on the following grounds and for the following reasons:[1]

1. As contemplated by FED. R. CIV. P. 12(b)(1) and (h) (3), the Court lacks jurisdiction over the subject matter of this action because:

[1] The arguments and authorities supporting this motion are contained in the Brief in Support of Defendant's Second Motion to Dismiss, which is being filed contemporaneously with this motion and which is adopted and incorporated herein. *See* N.D. TEX. LR 7.1(h).

(a) Plaintiffs lack standing inasmuch as the Complaint asserts only a generalized grievance about statewide election administration shared by every voter in Potter County and in Texas, which is insufficient to show an injury in fact.

(b) Plaintiff Rogers lacks standing because he alleges no injury personal to him, either in his capacity as a Potter County voter or in his capacity as the appointing authority for poll watchers in Potter County, but rather a generalized grievance about statewide election administration that is common to the electorate.

(c) Plaintiff Hale lacks standing since he has sued Defendant Benge, whom the amended complaint plainly alleges did not administer the election in which he ran, demonstrating that Defendant Benge did not injure Plaintiff Hale and that any remedy for Plaintiff Hale's alleged injury would not be redressable against Defendant Benge.

(d) Plaintiff Potter County Republican Party lacks associational standing since the amended complaint does not allege that any member of the Party has a particularized injury different from any other voter in Potter County, and the Party does not allege that it has suffered any concrete injury to any of its candidates or resources.

(e) Plaintiffs lack standing because any future injury they may suffer in Potter County is speculative, rather than certainly impending, so it cannot support their request for prospective injunctive or declaratory relief.

(f) Plaintiffs lack standing because the requested statewide relief is not redressable against Defendant Christy Benge as a single, county-level official; and

2. In the alternative, and as contemplated by FED. R. CIV. P. 12(b)(6), the Complaint fails to state a claim against Defendant Christy Benge upon which relief can be granted because:

(a) The amended complaint's equal protection claim, which relies on *Bush v. Gore*, fails because this action concerns reasonable county-to-county variation in election administration under a uniform statutory standard, a circumstance that *Bush* expressly indicated that its rationale did not reach.

(b) The amended complaint's equal protection and substantive due process claims fail because Plaintiff expressly disclaim any intentional discrimination as is required to sustain a claim under either theory.

(c) The amended complaint's right-to-have-votes-counted claim, which is controlled by the *Anderson*/*Burdick*[2] framework, fails since Texas's post-election audit procedure is reasonable, non-discriminatory, and represents a minimal burden on voters compared to Texas's substantial interest in the orderly and timely certification of election results.

(d) The amended complaint's substantive due process claim fails because its grievance about county custodian discretion in following up on discrepancies identified by the post-election audit concerns garden-variety election administration matters, not any patent and fundamental unfairness in the election system itself necessary to support such a claim.

(e) The amended complaint fails to state a claim against Defendant Benge because it pleads no facts showing that Defendant Benge's conduct violated the Constitution.

(g) The amended complaint's declaratory judgment claim fails because the Declaratory Judgment Act does not create an independent basis of subject-matter jurisdiction or an independent cause of action, so the Complaint's deficiencies identified above foreclose Plaintiffs' declaratory judgment claim.

---

[2] *See Anderson v. Celebrezze*, 460 U.S. 780 (1983); *Burdick v. Takushi*, 504 U.S. 428 (1992).

(h) The relief sought by the amended complaint asks the Court to assume broad, open-ended administration of Texas's election system in contravention of established principles of federalism and comity.

Based on the matters asserted above, Defendant Christy Benge requests that the Court dismiss this action without prejudice for lack of subject-matter jurisdiction or, alternatively, dismiss this cause with prejudice for failure to state a claim upon which relief can be granted,[3] and that the Court grant to Defendant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Potter County Attorney's Office
500 South Fillmore, Room 301
Amarillo, Texas 79101
Telephone: (806) 379-2255
Fax: (806) 379-2267

By: /s/ Scott Brumley
Scott Brumley
Potter County Attorney
Texas Bar No. 00783738
Email: scottbrumley@co.potter.tx.us

*Attorney for Defendant Christy Benge*

**CERTIFICATE OF SERVICE**

On November 19, 2026, I filed the foregoing document with the clerk of court for the United States District Court for the Northern District of Texas. I hereby certify that I have served the document on all counsel of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2), specifically, through the Court's CM/ECF system.

/s/ Scott Brumley
Scott Brumley
*Attorney for Defendant Christy Benge*

[3] Alternative proposed orders to address either outcome are attached as Exhibits 1 and 2. *See* N.D. TEX. LR 7.1(c).

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| POTTER COUNTY REPUBLICAN PARTY, DANIEL ROGERS, and ALEXANDER HALE, individually and on behalf of all other similarly affected.<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTY BENGE, in her official capacity as the POTTER COUNTY ELECTIONS ADMINISTRATOR and as proposed representative of a defendant class of similarly situated Texas county election officials,<br><br>Defendant. | Civil Action No. 2:26-cv-00215-Z |

**ORDER**

Before the Court is Defendant Christy Benge's Second Motion to Dismiss for Lack of Subject-Matter Jurisdiction. The Court has considered the motion, along with Plaintiffs' Response. Based on that consideration, the Court finds that Plaintiffs lack standing and, therefore, this Court lacks subject-matter jurisdiction over this action. Accordingly, the motion is GRANTED.

This action is DISMISSED without prejudice based on lack of subject-matter jurisdiction.

All remaining motions and requests for relief are DENIED as moot.

IT IS SO ORDERED.

SIGNED on ____________________, 20______.

______________________________
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| POTTER COUNTY REPUBLICAN PARTY, DANIEL ROGERS, and ALEXANDER HALE, individually and on behalf of all other similarly affected.<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTY BENGE, in her official capacity as the POTTER COUNTY ELECTIONS ADMINISTRATOR and as proposed representative of a defendant class of similarly situated Texas county election officials,<br><br>Defendant. | Civil Action No. 2:26-cv-00215-Z |

**ORDER**

Before the Court is Defendant Christy Benge's Second Motion to Dismiss for Failure to State a Claim, filed pursuant to Fed. R. Civ. P. 12(b)(6). The Court has considered the motion, as well as Plaintiffs' Response. After consideration, the Court:

______ DENIES the motion and retains the case on the Court's docket.

______ GRANTS the motion and dismisses this action with prejudice.

SIGNED on ____________________, 20______.

IT IS SO ORDERED.

____________________________________
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE